UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMMIE CATHEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 20-cv-2262-JBM |
| ) | |
| JUSTIN YOUNG and WEXFORD HEALTH ) | |
| SOURCES, INC., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint alleging deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff pleads without detail that, on September 21, 2019, he injured his right Achilles tendon. On October 8, 2019, Plaintiff was admitted to the Danville healthcare unit, presumably for treatment of his Achilles injury. Plaintiff offers no details as to this treatment but indicates that a November 18, 2019, an ultrasound revealed a tear in the tendon. On December 6, 2019,

Plaintiff was transported to Carle Hospital to undergo an MRI. The test was canceled for undisclosed reasons and rescheduled, with Plaintiff undergoing the MRI on February 28, 2020.

Plaintiff indicates that a physician at Carle Hospital told him that the Achilles tear had healed but that he might need surgery. Plaintiff alleges that more than one year later, he continues in pain without improvement. Plaintiff asserts that, although Defendant Young acknowledged that Plaintiff needs surgery, it still has not been scheduled. Plaintiff alleges that Defendant Young was deliberately indifferent in delaying referral for the MRI and delaying referral to the hospital. Plaintiff believes, without disclosing the basis for this belief, that his Achilles tendon has healed improperly due to the alleged delay. Plaintiff also claims that Defendant Young has not adequately treated this pain, offering only ibuprofen and Tylenol. Plaintiff claims that Defendant admitted that he was acting pursuant to a Wexford policy which did not allow him to prescribe "more effective or adequate pain medication."

Plaintiff also pleads that the delay in the MRI was due to an unspecified Wexford "policy and practice of mistreatment." Plaintiff claims that the unidentified policy or policies have caused countless inmates to suffer due to delays in outside referrals. In support, Plaintiff cites a series of cases filed by other inmates. He does not claim, however, that the other inmates suffered from a torn Achilles tendon as he has. Plaintiff claims, again without support, that the unspecified policy was enacted to save money. Plaintiff requests compensatory and punitive damages as well as injunctive relief, that the Court order that the surgery be done.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial

risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Prison doctors may exhibit deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). The failure to address readily treatable pain may, of itself, be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), *as amended* (Aug. 25, 2016). So, too, is delaying referral to an outside specialist in favor of providing "easier and less efficacious treatment," which runs contrary to sound professional judgment. *Id.* at 729-30.

It is Plaintiff's burden to plead and prove that the alleged delay by Defendant Young caused or aggravated the Achilles tendon tear. At the pleadings stage, viewing the allegations and all reasonable inferences in the light most favorable to Plaintiff, they are barely sufficient to avoid dismissal. However, whether Plaintiff can show that the delay caused or aggravated the Achilles tear, or whether Defendant Young exercised sound professional judgment in treating Plaintiff's injury cannot be determined at this juncture; and this issue will have to wait for a more fully developed record. As a result, Plaintiff will be allowed to proceed on the claim that Defendant Young was deliberately indifferent to his serious medical needs in delaying the scheduling of the MRI, delaying the referral to the outside hospital, and not adequately treating Plaintiff's pain. Plaintiff is advised, however, that to the extent he alleges that he was harmed by the delay, he must be prepared to offer corroborating medical evidence in support. *Williams v. Liefer,* 491 F.3d 710, 714-15 (7th Cir. 2007).

Plaintiff also alleges claims against Wexford, that it promulgated unconstitutional policies which Defendant Young followed in treating Plaintiff. A private corporation such as Wexford has potential § 1983 liability under *Monell v. New York City Department of Social*

3

*Services*, 436 U.S. 658 (1978) when, as alleged here, it performs a governmental function. *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under §1983, Wexford cannot be liable for the misdeeds of its employees and may be liable only if it had an unconstitutional policy, practice or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015). Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011).

  Plaintiff has stated a colorable claim where he alleges that his pain was not adequately controlled as Defendant Young allegedly admitted that, due to Wexford policy, he could only prescribe ibuprofen and Tylenol. Plaintiff fails to state a claim, however, as to his allegations of a general policy of medical mistreatment. *See Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (dismissing *Monell* claim where "allegations of Wexford's policies and practices are vague and broad, lacking in sufficient detail to put Wexford on notice of the claim against it.")

  Plaintiff attempts to support this claim by citing a series of ongoing cases where prisoners have sued Wexford. Plaintiff does not disclose the particulars of any of the cited cases and does not claim that they involve delays in treatment of Achilles tendon injuries, the injury at issue here. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment insufficient to establish a policy). *Id*. at *14 citing *Shields*, 746 F.3d at 796 (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy). This claim is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claim against Defendant Young and against Wexford for the alleged policy of only providing ibuprofen and Tylenol for pain management. All other claims are dismissed and will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [ECF 4], a motion for recruitment of *pro bono* counsel but does not Document that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. Plaintiff's motion for status [ECF 7], is rendered MOOT by this order.

3. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

   1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| _2/5/2021_ | _s/Joe Billy McDade_ |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |